**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LONNIE WILLIAMS,<br><br>        Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Civil Action No.: 2:15-cv-3838 (CCC)<br><br><br>**OPINION** |

**CECCHI, District Judge.**

**I.     INTRODUCTION**

Before the Court is Plaintiff Lonnie Williams's ("Plaintiff") appeal seeking review of a final determination by the Commissioner of the Social Security Administration ("Commissioner") denying his application for supplemental security income ("SSI") under § 1614(a)(3)(A) of the Social Security Act ("SSA"). The issue to be decided is whether the Commissioner's denial of benefits is supported by substantial evidence. For the reasons set forth below, the decision of the Administrative Law Judge ("ALJ") is affirmed.

**II.    BACKGROUND**

    **A.     Procedural Background**

Plaintiff applied for SSI on April 2, 2012, alleging disability as of that date. Tr.[1] at 14. The application was denied initially on June 18, 2012, and upon reconsideration on October 22,

---

[1] "Tr." refers to the certified record of the administrative proceedings. (ECF No. 8).

1

2012. *Id.* On January 12, 2014, a hearing was held before ALJ Dennis O'Leary. *Id.* ALJ O'Leary issued a decision on March 20, 2014 finding Plaintiff was not disabled, as defined by the SSA. *Id.* at 20 (citing 20 C.F.R. § 416.920(f)). Plaintiff requested review of the decision and the Appeals Council denied the request on April 22, 2015. Tr. at 1. On June 8, 2015, Plaintiff instituted this action. ECF No. 1.

### B.   Factual Background

Plaintiff was born on April 5, 1964. Tr. at 51. He currently lives with his mother who is on disability. *Id.* at 18. Plaintiff has an eighth grade education, *id.* at 197, and has work experience as a security guard, food handler, and unloading trucks. *Id.* Plaintiff testified he stopped working as a security guard because he could not stand on his feet any longer. *Id.* at 32.

Plaintiff claimed disability due to ankle and arm fractures, a herniated disk in his neck, and depression. *Id.* at 196. The ALJ noted there was no medical evidence of depression in the record. *Id.* at 16. When Plaintiff was thirteen years old, he injured his right elbow, which he claims still affects him to this day. *Id.* at 19. Plaintiff has also been hit by a car five times, two times of which resulted in litigation. *Id.* at 18-19.

On June 7, 2012, Plaintiff was examined by Dr. Justin Fernando. *Id.* at 301. The doctor noted, *inter alia*, that "there was no evidence of any arthritic changes of the hands," Plaintiff "was able to move his lumbar spine normally," "[h]is right elbow and right shoulder movements were restricted but he would not even attempt to raise his arms," and "movement of the lower back was unrestricted and he had full range of motion of the lower extremities." *Id.* at 301-303. Dr. Fernando diagnosed plaintiff with a "remote history of fracture of the unlar olecranon process, right elbow," "no indication of any restricted mobility at the left ankle," and a "[h]istory of disk herniation in the neck (no clinical indication exists to indicate disk herniation or nerve root

involvement in the lower cervical spine)." *Id.* at 303.

## III. LEGAL STANDARD

### A. Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Court is not "permitted to re-weigh the evidence or impose [its] own factual determinations," but must give deference to the administrative findings. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *see also* 42 U.S.C. § 405(g). Nevertheless, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and supported by substantial evidence. *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978) (citations omitted). Substantial evidence is more than a mere scintilla, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Chandler*, 667 F.3d at 359 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If the factual record is adequately developed, substantial evidence "may be 'something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Daniels v. Astrue*, No. 4:08-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). In other words, under this deferential standard of review, the Court may not set aside the ALJ's decision merely because it would have come to a different conclusion. *Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x 475, 479 (3d Cir. 2007) (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)).

### B. Determining Disability

Pursuant to the SSA, in order to be eligible for benefits, a plaintiff must show he is disabled by demonstrating an inability to "engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Taking into account the plaintiff's age, education, and work experience, disability will be evaluated by the plaintiff's ability to engage in his previous work or any other form of substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). A person is disabled for these purposes only if his physical or mental impairments are "of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B).

Decisions regarding disability will be made individually and will be "based on evidence adduced at a hearing." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000) (citing *Heckler v. Campbell*, 461 U.S. 458, 467 (1983)). Congress has established the type of evidence necessary to prove the existence of a disabling impairment by defining a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382a(3)(D).

### C.     Sequential Evaluation Process

The Social Security Administration follows a five-step, sequential evaluation to determine whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the plaintiff is currently engaged in gainful activity. *Sykes*, 228 F.3d at 262. Second, if he is not, the ALJ determines whether the Plaintiff has an impairment that limits his ability to work. Id. Third, if he has such an impairment, the ALJ considers the medical evidence to determine whether the impairment is listed in 20 C.F.R. Part 404, Subpart P,

Appendix 1 (the "Listings"). If it is, this results in a presumption of disability. Id. If the impairment is not in the Listings, the ALJ must determine how much residual functional capacity ("RFC") the applicant retains in spite of his impairment. Id. at 263. Fourth, the ALJ must consider whether the plaintiff's RFC is enough to perform his past relevant work. Id. Fifth, if his RFC is not enough, the ALJ must determine whether there is other work in the national economy the plaintiff can perform. Id.

The evaluation continues through each step unless it is determined at any point the plaintiff is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The plaintiff bears the burden of proof at steps one, two, and four, upon which the burden shifts to the Commissioner at step five. Sykes, 228 F.3d at 263. Neither party bears the burden at step three. Id. at 263 n.2.

## IV. DISCUSSION

### A. Summary of the ALJ's Findings

At step one, the ALJ found Plaintiff met the insured status requirements of the SSA and had not engaged in substantial gainful work activity since the application date. Tr. at 16. At steps two and three, the ALJ found Plaintiff's impairments of status post arm and ankle injuries with degenerative disc disease of the spine were "severe," but not severe enough to meet, either individually or in combination, any of the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1. Id. at 16-17.

The ALJ concluded Plaintiff had the residual functional capacity ("RFC") to perform the exertional demands of light work as defined in 20 C.F.R. § 416.967(b). Id. at 17. The ALJ found Plaintiff is able to lift and carry up to 20 pounds occasionally and 10 pounds frequently; able to stand and/or walk up to six hours and to sit at least six hours out of an eight-hour work day. Id. To make this conclusion, the ALJ considered all of Plaintiff's symptoms and their consistency

with the evidence. *Id.* Specifically, the ALJ considered Plaintiff's testimony that he was unable to stand for long periods of time, or lift items with his arm. *Id.* at 17-18. The ALJ also considered the medical evidence on record, including Plaintiff's x-rays, MRIs and the reports of Dr. Justin Fernando and the state agency medical reviewers. *Id.* at 18.

At step four, the ALJ found Plaintiff was capable of performing past relevant work as a door security guard, as the "work does not require the performance of work-related activities precluded by" Plaintiff's RFC. *Id.* at 19.

**B.   Analysis**

Plaintiff makes the following arguments in support of his contention that the ALJ's decision should be remanded: (1) the ALJ should have found Plaintiff meets Listings 1.04 and 3.02, and (2) the ALJ's decision that Plaintiff can perform light work was not supported by substantial evidence. The Court will address each argument in turn.

### 1.   The ALJ's Step Three Analysis was Supported by Substantial Evidence

The Listings assessed at step three describe impairments the Commissioner considers severe enough to prevent an individual from engaging in any gainful activity, regardless of age, education, or work experience. 20 C.F.R. § 416.925(a). The Listings describe impairments giving rise to presumptive disability, i.e., if an individual meets a listing, he is considered to be disabled without consideration of whether he can perform work activity. *Id.* § 416.920(a)(4)(iii); *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (citations omitted). To be found presumptively disabled, a claimant must show all of the criteria for a listing have been met. 20 C.F.R. § 416.925(c)(3); *Zebley*, 493 U.S. at 530.

Plaintiff argues this case should be remanded because Plaintiff is presumptively disabled, as he meets Listings 1.04(A) and 3.02. Pl. Br. at 17. The Court finds the step three analysis was supported by substantial evidence, and will address each listing in turn.

To meet Listing 1.04(A), which deals with disorders of the spine, Plaintiff must show "[e]vidence of nerve root compression characterized by neruo-anatomic distribution of pain, limitation of motion of the spine, motor loss . . . accompanied by sensory or reflex loss, and if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." 20 C.F.R. pt. 404, Subpt. P, App. 1 § 1.04(A). The ALJ found Plaintiff did not meet the requirements for Listing 1.04(A), explaining:

> the medical evidence does not establish the requisite evidence of nerve root compression, spinal arachnoiditis or significant and disabling lumbar spinal stenosis as required by the listing. The claimant was able to move his spine almost normally, with only one range significantly restricted, extension of the cervical spine. He has been able to perform substantial gainful activity since his accidents and he has not undergone any treatment for many years.

Tr. at 17.

Plaintiff argues that the ALJ erred in this finding because the medical evidence does in fact show that Plaintiff suffered from nerve root compression. Pl. Br. at 19. However, the ALJ's finding was that Plaintiff did not suffer from *requisite* nerve root compression, not that he did not suffer from nerve root compression at all. Tr. at 17. The Listing requires that Plaintiff suffer from nerve root compression such that it was characterized by a limitation of motion of the spine. Listing 1.04(A). The ALJ explained that Plaintiff was able to move his spine almost normally, and had been able to engage in substantial gainful activity since the accidents which injured his back. Tr. at 17. Accordingly, the ALJ's decision that Plaintiff did not meet all of the requirements for Listing 1.04(A) was supported by substantial evidence.

7

To meet Listing 3.02, dealing with chronic pulmonary insufficiency, a Plaintiff must meet the requisite forced expiratory volume in the first second of a forced expiratory maneuver ("FEV1"), which involves deeply inhaling and exhaling into a spirometer. *See Moyer v. Astrue*, No. 4:11-CV-1186, 2012 WL 3765192, at *4, n.15 (M.D. Pa. Aug. 29, 2012). To meet this listing, Plaintiff's FEV1 measurement must be equal to or less than 1.85.[2] 20 C.F.R. pt. 404, Subpt. P, App. 1 § 3.02(A). Plaintiff's FEV1 was equal to 3.53, Tr. at 314, and thus Plaintiff does not meet the requirements for Listing 3.02.

Plaintiff argues that the listing is met because Plaintiff's FEV1 measurement was 0.90. Pl. Br. at 21. However, Plaintiff's reading of the results is incorrect. The test results indicate Plaintiff's FEV1/FVC measurement is 0.90, and that his FEV1 measurement is 3.53. FVC, or forced vital capacity, is the total volume of air expired after full inspiration, and "[t]he FEV1/FVC ratio is the percentage of the vital capacity which is expired in the first second of maximal expiration." *Thompson v. Colvin*, No. 4:12CV01530-CDP, 2013 U.S. Dist. LEXIS 136778, at *10-11, n.3 (E.D. Mo. Sep. 24, 2013). Listing 3.02 does not have criteria regarding a plaintiff's FEV1/FVC measurement. However, "the FEV1 to FVC ratio is typically 80-85 percent or greater in healthy patients younger than 40 years old." *Moyer*, 2012 WL 3765192, at *4, n.15 (citing Spirometry 360, http://depts.washington.edu/imtr/spirotrain/what/ interpret/index.html). Whereas here, Plaintiff's FEV1 to FVC ratio was 90%, this measurement is in the normal range, and does not indicate a pulmonary impairment. Accordingly, the Court finds the ALJ's analysis at step three was supported by substantial evidence.

---

[2] This measurement is for an adult male equal to 71 inches in height. This is Plaintiff's height as documented in the medical record. Tr. at 302. For a man of 69 inches to meet the listing, Plaintiff's self-reported height, *id.* at 196, his FEV1 measurement must be equal to or less than 1.60.

### 2. The ALJ's RFC Finding was Supported by Substantial Evidence

Plaintiff argues the ALJ's RFC finding was not supported by substantial evidence because Plaintiff's exertional limitations prevent him from performing light work. Pl. Br. at 27. Further, Plaintiff argues the ALJ failed to consider Plaintiff's testimony and test results. Pl. Br. at 28.

While an RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)," *Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims,* SSR 96-8P (S.S.A. July 2, 1996), Plaintiff here only argues the ALJ should have interpreted the medical evidence differently. Pl. Br. 27-28. Under the substantial evidence standard of review, the issue is whether sufficient evidence reasonably supports the ALJ's analysis, not whether the evidence could support a different finding. *See Logan v. Colvin*, No. 14-4571, 2015 WL 5722391, at *7 (D.N.J. Sept. 29, 2015) (finding "[t]he role of the District Court in reviewing an ALJ's denial of disability benefits is not to reweigh the evidence presented, but instead to determine whether the ALJ made a decision supported by substantial evidence").

The ALJ "must give serious consideration to a claimant's subjective complaints of pain, even where those complaints are not supported by objective evidence." *Mason v. Shalala*, 994 F.2d 1058, 1067 (3d Cir. 1993) (citing *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985)). However, in making such credibility determinations, the ALJ is given great discretion, and his findings are entitled to judicial deference. *See Holley v. Comm'r of Soc. Sec.*, 590 F. App'x 167, 169 (3d Cir. 2014) (noting that an ALJ's credibility determinations regarding plaintiff's statements are entitled to deference); *see also Metz v. Fed. Mine Safety & Health Review Comm'n*, 532 F. App'x 309, 312 (3d Cir. 2013) ("Overturning an ALJ's credibility determination is an

'extraordinary step,' as credibility determinations are entitled to a great deal of deference.").

The Court finds the ALJ's RFC analysis was supported by substantial evidence. The ALJ considered Plaintiff's subjective complaints and the extent to which these complaints were consistent with the medical evidence in the record. The ALJ noted that Plaintiff's "reasons for why he cannot work are either things he has had most of his life, like the arm injury, or things that cause only moderate limitations, such as his ankle." Tr. at 18. The ALJ found the medical evidence mainly "consists of the same x-rays and MRIs submitted multiple times. There is no record of any actual ongoing treatment," and Plaintiff "takes no medication." *Id.* The ALJ found Plaintiff's answers in his testimony and financial history "very lacking in credibility." *Id.*

Moreover, the ALJ found the medical evidence consistent with a finding that Plaintiff could perform light work. The ALJ explained that during the consultative examination, Plaintiff "reported he injured his right elbow at the age of 13 and that he had been hit by a car five times." *Id.* at 19. The doctor noted, *inter alia*, that "there was no evidence of any arthritic changes of the hands," "he was able to move his lumbar spine normally," "[h]is right elbow and right shoulder movements were restricted but he would not even attempt to raise his arms," "movement of the lower back was unrestricted," and "he had full range of motion of the lower extremities." *Id.* The ALJ also explained that he afforded considerable weight to the medical reviewers, who found that Plaintiff was capable of light work. Accordingly, the Court finds the ALJ's RFC determination was supported by substantial evidence.[3]

---

[3] Plaintiff argues the ALJ should have found Plaintiff was disabled pursuant to a Grid used for a person with a sedentary RFC. Pl. Br. at 28. However, as the Court finds the ALJ's decision that Plaintiff was capable of performing light work was supported by substantial evidence, the Court need not reach this argument.

## V.     CONCLUSION

For the foregoing reasons, the Court affirms the ALJ's decision. An appropriate order accompanies this Opinion.

DATED: ___March 23___, 2017

_____
CLAIRE C. CECCHI, U.S.D.J.